IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRENT VONCEY FIELDS, | § § | |
| *Petitioner*, | § § | |
| v. | § § | CIVIL ACTION NO. H-11-0515 |
| RICK THALER, | § § § | |
| *Respondent*. | § § | |

**MEMORANDUM OPINION AND ORDER**

Brent Voncey Fields, a state inmate proceeding *pro se* and *in forma pauperis*, seeks habeas relief under 28 U.S.C. § 2254, challenging his convictions for theft of property valued between $20,000 and $100,000. Respondent filed a motion for summary judgment (Docket Entry No. 14), to which petitioner filed a response. (Docket Entry No. 17.)

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court **GRANTS** summary judgment and **DISMISSES** this action.

**I. PROCEDURAL BACKGROUND**

Petitioner was found guilty of two counts of theft of property valued between $20,000 and $100,000, and sentenced to fifty years confinement. The convictions were affirmed on appeal. *Fields v. State*, No. 14-08-00339-CR (Tex. App.–Houston [14th Dist.] 2009, no pet.). Petitioner did not pursue discretionary review, and the Texas Court of Criminal

Appeals denied his application for state habeas relief. *Ex parte Fields*, Application No. 20,395-05 (Event ID 2428553), at cover.

Petitioner raises the following habeas grounds in the instant petition:

1. The trial court abused its discretion in denying petitioner's motion for new trial.

2. Trial counsel was ineffective in failing to inform petitioner of the State's fifteen year plea offer.

3. The indictment was so fundamentally defective that it deprived the trial court of jurisdiction.

4. Petitioner's state habeas proceeding was deficient.

Respondent argues that these claims are procedurally barred, fail to state a cognizable federal habeas claim, and/or fail as a matter of law.

## II. THE APPLICABLE LEGAL STANDARDS

A. <u>Habeas Review</u>

This petition is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies

a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330–31.

B. <u>Summary Judgment</u>

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is

no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, such findings must be accepted as correct by the federal habeas court. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

### III. FACTUAL BACKGROUND

In affirming petitioner's convictions on direct appeal, the state court of appeals set forth the following statement of facts in its opinion:

> Texas Hobby Auto Auction, a vehicle broker located in Harris County, reported a 2004 Lincoln Navigator stolen in December 2006. Tom Peacock Cadillac, another vehicle broker located in Harris County, reported a 2006 Cadillac CTS stolen in January 2007.

Chad Doyle was arrested for driving another vehicle reported stolen from Texas Hobby Auto Auction in December 2006. Detective Reginald Broughton of the Houston Police Department Auto Theft Division interviewed Doyle on April 17, 2007. Doyle provided information that led the police to 1114 East Red Cedar Circle in Montgomery County. Broughton traveled to that address on May 8, 2007, and observed a Lincoln Navigator parked in the driveway bearing license plates that read '8YPS12.'

Broughton returned to 1114 East Red Cedar Circle on May 17, 2007, and observed a Lincoln Navigator in the driveway and a Cadillac CTS to the right of the driveway. He checked the license plates and determined that they did not match the vehicles. The license plates located on the Lincoln Navigator on May 17, 2007, read '982MMW.' This license plate number and, the registration sticker affixed to the Lincoln Navigator belonged to a different model year Navigator located at the Northwood Lincoln Mercury dealership. Broughton also checked the vehicle identification number ('VIN') of both vehicles located at 1114 East Red Cedar Circle and determined that both were reported stolen. The Lincoln Navigator's VIN matched the VIN of the same model year vehicle reported stolen from Texas Hobby Auto Auction in December 2006. The Cadillac CTS's VIN matched the VIN of the same model year vehicle reported stolen from Tom Peacock Cadillac in January 2007.

Appellant's girlfriend, Jewel Ware Rivers, resided at 1114 East Red Cedar Circle. She began dating appellant in January 2007, and testified that appellant had been driving a Cadillac CTS since that time. She further testified that appellant began driving a Lincoln Navigator in February 2007. According to Rivers, appellant gave her rides in both vehicles and said he owned both vehicles. Rivers gave appellant permission to keep the Lincoln Navigator and Cadillac CTS at her residence. Appellant drove both vehicles to Rivers's residence.

When questioned, appellant initially said both vehicles belonged to Doyle. Appellant said he had not driven the vehicles and did not have keys to them. Police found the keys and alarm pads for the Lincoln Navigator and Cadillac CTS in appellant's pocket. Police also found a checkbook, personal mail, and vehicle inspection receipts inside the Lincoln Navigator bearing appellant's name. The license plate number appearing on the vehicle inspection receipts found inside the Lincoln Navigator did not match the vehicle and did not

match the license plates affixed to the vehicle on May 8, 2007, or May 17, 2007. The license plate number that appeared on the vehicle inspection receipt was '9LFY12.'

Appellant was arrested on May 17, 2007, in connection with the thefts and charged with two counts of theft of property with a value of at least $ 20,000 but less than $ 100,000. The jury found appellant guilty of both counts. The trial court sentenced appellant to 50 years in prison in an order signed on February 29, 2008.

*Fields*, pp. 1–4.

## IV. PROCEDURALLY DEFAULTED CLAIM

Respondent argues that petitioner's claim regarding the denial of his motion for new trial is unexhausted, procedurally defaulted, and barred from consideration by this Court.

Under 28 U.S.C. § 2254(b)(1)(A), a state prisoner's federal habeas petition will not be granted unless he has exhausted his available state court remedies. In order to satisfy the exhaustion requirement, a claim must be presented to the highest court of the state for review. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state which has jurisdiction to review a petitioner's conviction. TEX. CODE CRIM. PROC. art. 44.45. To proceed before that court, a petitioner must either file a petition for discretionary review or an application for post-conviction habeas relief. Further, in order to satisfy the exhaustion requirement, a petitioner must have not only presented his claims to the highest state court, but he must have presented them in a procedurally correct manner. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). When a petitioner raises a claim in a procedural context in which its merits will not

be considered, he has not "fairly presented" the claim to the state courts and, therefore, has not satisfied the statutory exhaustion doctrine. *Id.*; *Satterwhite v. Lynaugh*, 886 F.2d 90, 92–93 (5th Cir. 1989).

On direct appeal in the instant case, petitioner challenged the factual and legal sufficiency of the evidence to support his convictions. No claims were raised regarding the motion for new trial. On collateral review, petitioner complained that the trial court abused its discretion in denying his motion for new trial without first holding an oral hearing. In rejecting this claim, the state trial court entered the following relevant finding:

> 2. Applicant's first ground for relief alleging that the trial court abused its discretion in not holding a hearing on his motion for new trial is not cognizable on application for writ of habeas corpus because Applicant did not plead or prove why he could not have raised the issue on direct appeal.

*Ex parte Fields*, p. 114 (citation omitted). The Texas Court of Criminal Appeals relied on this finding in denying habeas relief. The trial court's finding followed well established state law. *See Ex parte Banks*, 769 S.W.2d 539, 540 (Tex. Crim. App. 1989) (holding that state habeas petitions may not be used to litigate matters which should have been brought on direct appeal).

Because petitioner did not raise this claim on direct appeal, and the trial court on collateral review found that the issue should have been raised on direct appeal, the claim is now procedurally defaulted and barred from consideration by this Court. *See Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997).

7

For this Court to reach the merits of this procedurally defaulted claim, petitioner must establish "cause" and "prejudice" regarding the state court's failure to consider the claims. *See Coleman v. Thompson*, 501 U.S. 722, 750–51 (1991). Petitioner here does not expressly argue or establish cause and prejudice for his default of these claims. Rather, he complains that he attempted to raise the issue in a *pro se* supplemental brief on appeal, but that the appellate court did not address his brief. Petitioner was represented by counsel on appeal, and had no right to file a *pro se* brief under hybrid representation. *See Ex parte Taylor*, 36 S.W.3d 883, 887 (Tex. Crim. App. 2001). Because petitioner has not asserted a separate claim that counsel was ineffective in failing to raise this issue on appeal, he has not alleged grounds for establishing good cause for the procedural default.

Accordingly, this issue has been procedurally defaulted and is barred from consideration by the Court. Respondent is entitled to summary judgment dismissal of this issue.

## V. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient

8

performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id.*

Petitioner asserts that trial counsel was ineffective in failing to inform him of the State's pretrial plea offer of fifteen years. In his affidavit submitted to the trial court on collateral review, trial counsel testified as follows:

1. Defense counsel did receive the State's plea bargain offer of 15 years imprisonment via facsimile on December 26, 2007.

2. Applicant was informed of the State's offer on more than one occasion. He steadfastly rejected this offer in very firm terms.

3. It is common for the State to make plea bargain offers on the form attached to Applicant's application. It is not a rule or necessity that this form be signed by counsel or the defendant. The more common practice is for the acceptance or rejection of an offer to be orally communicated to the Assistant District Attorney. As with all felony trial cases, there was extensive communication with the Assistant District Attorney, Mr. Joel Daniels, leading up to the trial of this cause. It was trial counsel's recommendation to Applicant to accept the offer given the facts of the case and Applicant's extensive criminal history. There was no advantage to be gained by trial counsel pursuing a difficult and time consuming jury trial on his own when an advantageous plea bargain offer had been made.

*Ex parte Fields*, pp. 92–93.

In denying habeas relief, the trial court made the following relevant findings:

8. The Court is familiar with the effective performance of trial counsel, [name deleted], who has long practiced in the courts of Montgomery County and is qualified for appointment as trial counsel in criminal cases.

9. [Trial counsel] has submitted a credible affidavit in response to Applicant's claims of deficient performance.

10. Based on his credible affidavit, [trial counsel] informed Applicant of the State's plea offer of 15 years imprisonment.

> 11. Based on [trial counsel's] credible affidavit, Applicant steadfastly rejected the State's offer, preferring instead to go to trial.
>
> \* \* \* \*
>
> 14. Based on [trial counsel's] credible affidavit, Applicant rejected his advice regarding trial strategy, rejected the State's plea bargain offer, and decided to go to trial and testify on his own behalf.

*Ex parte Fields*, p. 113. The trial court concluded that petitioner failed to meet his burden of proof under *Strickland. Id.*, p. 114. The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.

In support of his claim for ineffective assistance, petitioner sets forth his factual disagreement with counsel's affidavit statements and urges the Court to find the state court's findings unreasonable and unsupported. However, the factual determinations underlying the adjudications—including the explicit credibility determination—are entitled to a presumption of correctness which must be rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e). Petitioner's disagreement with these factual determinations constitutes neither clear and convincing evidence nor probative summary judgment evidence, and he fails to meet his burden of proof under the AEDPA and Rule 56 of the Federal Rules of Civil Procedure.

Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

11

## VI. FUNDAMENTALLY DEFECTIVE INDICTMENT

Petitioner next alleges that the indictment in his case was so fundamentally defective that it deprived the trial court of jurisdiction. Specifically, he asserts that the indictment failed to set forth all the elements of the offense.

Petitioner's appellate counsel did not raise this issue on direct appeal, and petitioner did not raise it on collateral review. Although petitioner asserts that he presented the issue to the state court in his application for habeas relief, he does not direct this Court to the location of such argument, nor does this Court's review of the record show that the issue was raised properly on collateral review to the Texas Court of Criminal Appeals. Accordingly, this issue is procedurally defaulted and barred from consideration by this Court under *Coleman*, and neither good cause for the default nor prejudice are argued or shown.

Regardless, petitioner's argument is without merit. The sufficiency of a state criminal indictment is not a matter for federal habeas review unless the petitioner can show that the indictment was so defective that it deprived the state court of jurisdiction. *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994). For an indictment to be "fatally defective,' no circumstances can exist under which a valid conviction could result from facts provable under the indictment. *Morlett v. Lynaugh*, 851 F.2d 1521, 1523 (5th Cir. 1988).

State law determines whether an indictment is sufficient to vest jurisdiction in the state trial court. *Williams v. Collins*, 16 F.3d 626, 637 (5th Cir. 1994). Under Texas law, "indictments charging a person with committing an offense, once presented, invoke the

12

jurisdiction of the trial court and jurisdiction is no longer contingent on whether the indictment contains defects of form or substance." *Teal v. State*, 230 S.W.3d 172, 177 (Tex. Crim. App. 2007). Any "failure to allege an element of an offense in an indictment or information is a defect of substance," as opposed to one of jurisdiction. *Studer v. State*, 799 S.W.2d 263, 268 (Tex. Crim. App. 1990). As acknowledged in *Studer*, if omitting an element from an indictment is a defect of substance in an indictment, it naturally follows that the indictment is still an indictment despite the omission of that element. *Id.*

The indictment in petitioner's case falls squarely within the holdings of these state law cases. It charged petitioner with the commission of an offense, which was sufficient to vest jurisdiction in the trial court. Thus, even assuming petitioner were to have alleged facts setting forth a substantive defect in his indictment, it would not have given rise to a jurisdictional defect. *Id.*; *McKay*, 12 F.3d at 68. Petitioner would not be entitled to habeas relief under this issue.

## VII. DEFICIENT STATE HABEAS PROCEEDING

Petitioner complains that the trial court on collateral review relied on trial counsel's affidavit, did not obtain jail records, and denied him an opportunity to develop the factual basis of his claims.

Petitioner's argument fails to state a cognizable federal habeas claim. It is well established that "infirmities in the state habeas proceedings do not constitute grounds for federal habeas relief." *Henderson v. Cockrell*, 333 F.3d 592, 606 (5th Cir. 2003).

Accordingly, no federal habeas claim is presented and respondent is entitled to summary judgment dismissal of this claim.

## VIII.  CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 11) is **GRANTED**. The petition for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED** as moot.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 20th day of January, 2012.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE